# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL HAYS,<br><br>      Petitioner,<br><br>vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>      Respondents. | 2:08-cv-0332-RLH-RJJ<br><br>**ORDER** |

      This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Michael Hays, a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

**I. Procedural History & Background**

      Pursuant to a guilty plea, petitioner was convicted of one count of Child Abuse and Neglect with Substantial Injury. (Exhibit 13).[1] On June 17, 1999, the state district court sentenced petitioner to a suspended sentence of 43 to 192 months in the Nevada Department of Corrections and placed

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 20 & 21.

petitioner on probation for a period not to exceed five years. (Exhibit 16, at p. 2). The judgment of conviction was filed on September 1, 1999. (Exhibit 22).

In February 2004, the State sought to revoke petitioner's probation because he had been charged with the aggravated stalking of his wife. (Exhibit 41). The state district court heard testimony on May 13, 2004, and revoked petitioner's probation. (Exhibit 46). The state district court filed its order revoking probation on June 23, 2004. (Exhibit 47).

Petitioner appealed the revocation of his probation to the Nevada Supreme Court on June 17, 2004. (Exhibits 48 & 49). The Nevada Supreme Court affirmed the district court's ruling and filed its order of affirmance on February 3, 2005. (Exhibit 52).

On February 3, 2006, petitioner filed a state habeas petition. (Exhibits 67-68). On September 26, 2006, the state district court heard argument on the petition and denied relief. (Exhibit 70). The state district court issued findings of fact, conclusions of law, and order denying the petition on November 14, 2006. (Exhibit 72). Petitioner appealed the denial of his petition. (Exhibit 73). On February 8, 2008, the Nevada Supreme Court issued its order affirming the district court's denial of the state habeas petition. (Exhibit 78).

Petitioner submitted his federal habeas petition to this Court on March 12, 2008. (Petition, ECF No. 13). Respondents filed an answer on November 18, 2008. (ECF No. 19).

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

3

## III. Discussion

### Ground One

In Ground One, petitioner alleges ineffective assistance of counsel at the probation revocation hearing in state court. Petitioner alleges that his counsel at the probation revocation hearing failed to cross examine the detective regarding alleged discrepancies in her testimony between a hearing on October 14, 2003, and the hearing on May 13, 2004. Petitioner further alleges that his counsel failed to cross examine the victim regarding alleged discrepancies in her testimony on those two dates. (ECF No. 13, at pp. 3-19). Petitioner raised this claim on appeal to the Nevada Supreme Court from the denial of his state habeas petition. (Exhibit 75). The Nevada Supreme Court ruled as follows, regarding these claims:

> Hays claims that the district court erred by rejecting his claims of ineffective assistance of counsel without conducting an evidentiary hearing. Specifically, Hays contends that counsel was ineffective at the probation revocation hearing for failing to adequately cross examine the victim and a police detective. Hays contends that if counsel had adequately cross-examined and pointed out prior inconsistent statements of the witnesses, it would have been apparent that they were biased and motivated to lie because of an ongoing child custody case in family court.
>
> Here, the district court found that counsel was not ineffective pursuant to the standard set forth in Strickland v. Washington. In particular, the district court found that Hays was not prejudiced by any deficient performance because "the standard is incredibly low as to whether [Hays was] following the terms and conditions of probation" and there was not "anything that would . . . by way of evidentiary hearing, change [its] determination that [Hays] violated his probation." Having reviewed the record, we conclude that Hays has failed to show that he was prejudiced by the allegedly deficient cross-examination.

(Exhibit 77, at pp. 2-3) (footnotes and citations omitted). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was

4

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

A petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). This Court has reviewed the record with respect to petitioner's claim of ineffective assistance of counsel. Counsel's performance at the probation revocation hearing did not fall beyond an objective standard of reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of the proceeding would have been different. Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground One.

**Ground Two**

Petitioner claims that he was denied due process under the Fifth and Fourteenth Amendments because, when the district court reviewed his state habeas petition, it applied the wrong standard in requiring petitioner to demonstrate his counsel was ineffective by "strong and convincing proof." (ECF No. 13, at pp. 20-22). Petitioner raised this claim in his appeal to the Nevada Supreme Court from the denial of his habeas petition. (Exhibit 75).

The Nevada Supreme Court reviewed this claim and explained that:

> Hays notes that, in reviewing his claims of ineffective assistance of counsel, the district court erred in failing to apply the preponderance of the evidence standard set forth in Means v. State, 120 Nev. 1001, 1013, 103 P.3d 25, 33 (2004). We conclude that the district court's error in applying the clear and convincing standard was harmless beyond a reasonable doubt.

(Exhibit 77, at p. 3, n.5.). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as

5

determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Moreover, even if petitioner could show that his counsel used the wrong standard under the first prong of Strickland, he cannot show that he was prejudiced under the second prong.  Petitioner has failed to show that the Nevada Supreme Court's ruling was unreasonable, and habeas relief is denied as to Ground Two.

**Ground Three**

Petitioner alleges a due process violation under the Fifth and Fourteenth Amendments because the district court, when it reviewed his state habeas petition, failed to conduct an evidentiary hearing regarding his ineffective assistance of counsel claim.  (ECF No. 13, at pp. 23-25).  Petitioner raised this claim on appeal to the Nevada Supreme Court from the denial of his state habeas petition.  (Exhibit 75).  The Nevada Supreme Court, as quoted earlier in this order, denied petitioner relief on this ground, finding that an evidentiary hearing on the petition was not required.  (Exhibit 77).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This Court denies habeas relief as to Ground Three.

**IV.  Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

## V. Conclusion

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this ___8th___ day of February, 2011.

_____
ROGER L. HUNT
Chief United States District Judge